UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:  18-cv-61077-BLOOM/VALLE

In Re: Petition of DENNIS CRISSY
as owner of the 2000 26' PARAMONT
HIN #PPJ80170E000 for Exoneration
from or Limitation of Liabiility,

      Petitioner.

_____/

**ANSWER, AFFIRMATIVE DEFENSES AND CLAIM**

Claimant GEICO MARINE INSURANCE COMPANY, as subrogee of Scott Weicholz,

hereby asserts its claim and answer to the Petition for exoneration from or limitation of liability

filed by Dennis Crissy, and states as follows:

**ANSWER**

1.      Admitted the Limitation of Liability Act is within the Court's subject matter

jurisdiction; Denied the Court has subject matter jurisdiction over Claimant's claim.

2.      Claimant is without knowledge of the allegations of this paragraph and demands

strict proof thereof.

3.      Admitted 28 U.S.C. § 1333 vests subject matter jurisdiction over admiralty claims

to the District Courts.  Denied this court has subject matter of Claimant's claim.

4.      Admitted that the accident occurred on navigable waters.  Denied Petitioner's

negligence occurred on navigable waters.

5.      Admit Petitioner seeks the remedies sought under the Limitation of Liability Act;

denied Petitioner is entitled to same.

6.      Admitted.

7.      Admitted that the accident occurred on navigable waters.  Denied Petitioner's negligence occurred on navigable waters.

8.      Denied.

9.      Denied.

10.     Admitted.

11.     Admitted.

12.     Claimant is without knowledge of the allegations of this paragraph and demands strict proof thereof.

13.     Admitted the vessel caused bodily injury and property damage. Claimant is without knowledge as to the remainder of allegations of this paragraph and demands strict proof thereof.

14.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

15.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

16.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

17.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

18.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

19.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

24.     Admit Petitioner seeks the remedies sought under the Limitation of Liability Act; denied Petitioner is entitled to same.

25.     Denied.

26.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

27.     Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

28.     The allegations of this paragraph are a prayer for relief for which no response is required.   To the extent a response is required, Claimant is without knowledge as to the allegations of this paragraph and demands strict proof thereof.

29.     Claimant is without knowledge of the allegations as to this paragraph and demands strict proof thereof.

30.     Admitted the incident occurred within the territorial limits of this District.

### AFFIRMATIVE DEFENSES

1.      The Court lacks subject matter jurisdiction over Claimant's claim under 46 U.S.C. §30501 *et seq*.

2.      As the sole count in Claimant's claim against Petitioner is negligent entrustment, the Court lacks subject matter jurisdiction over Claimant's claim.  *See Joyce v. Joyce*, 975 F. 2d. 379, 387 (7th Cir. 1992) and *In re Ruiz*, 494 F. Supp. 2d 1339, 1342 (S. D. Fla. 2007).

3.      Petitioner has failed to state a claim entitling him to the relief requested, and Claimant demands strict proof thereof.

4.      All allegations not specifically admitted are denied.

5.      The Petition fails to allege any facts upon which a proceeding for exoneration from or limitation of liability will lie, and specifically, fails to allege facts that would show the Petitioner was free from fault and/or that the damages occurred without the privity and/or knowledge of the Petitioner.

6.      Petitioner negligently entrusted the vessel to Jonathan Crissy, and therefore, the negligence causing Claimant's damages was within the privity and knowledge of the Petitioner.

WHEREFORE, having answered the Petition and asserted the foregoing affirmative defenses, Claimant hereby prays that the Court dismiss and/or stay these proceedings, so that Claimant may pursue its remedies, including the right to a jury trial in state court.

### CLAIM

Claimant, without prejudice to its right to challenge the subject matter jurisdiction of the Court over these proceedings, hereby asserts its claim against Petitioner, as follows:

1.      At all times material, Claimant insured a 2017 23' Sailfish (hereinafter the "insured vessel") owned by Scott Weicholz under policy of insurance number BUS5382218.

2.      Prior to January 14, 2018, Jonathon Crissy had operated the Petitioner's vessel and/or other vessels in a reckless, dangerous, negligent and irresponsible manner which was known or should have been known to Petitioner through due care.

3.      Prior to January 14, 2018, Petitioner knew or should have known with due care of Jonathon Crissy's reckless, dangerous, negligent, and irresponsible operations of boats, and his other dangerous propensities, and that a foreseeable zone of risk and injury to others was a possible and foreseeable result of Jonathon's conduct.

4.      Nonetheless, on or about January 14, 2018, Petitioner negligently entrusted his vessel, a 2000 26' Paramount motor vessel, bearing hull identification number PPJ80170E000 (hereinafter "Petitioner's vessel"), to Jonathon Crissy.

5.      On or about January 14, 2018, Jonathon Crissy recklessly, carelessly, and negligently operated the Petitioner's vessel at high speed in a no wake zone so as to cause it to allide with the insured vessel, along with a dock, boat lift, and other vessels.

6.      As a result of the allision, Scott Weicholz made a claim for property damage to the insured vessel under the policy of insurance between Mr. Weicholz and Claimant.

7.      Pursuant to the terms of the policy of insurance, Claimant, inclusive of its insured's $820.00 deductible, has paid damages in the amount of $48,945.13.

8.      Claimant is subrogated at law and in equity to the extent of its payments under the policy.

9.      The negligent entrustment of the Petitioner's vessel to Jonathon Crissy was within the privity and knowledge of Petitioner.

10.     The negligent entrustment of the Petitioner's vessel to Jonathon Crissy was the proximate cause of the damages suffered by Claimant and its insured.

11.    Claimant has retained the law offices of Horr, Novak & Skipp, P.A. to prosecute this action on behalf of Claimant and its insured, and have agreed to pay said attorneys a reasonable fee for their services.

12.    All conditions precedent to the bringing of this claim have been performed or satisfied.

13.    As a direct and proximate result of Petitioner's negligent entrustment of the Petitioner's vessel to Jonathon Crissy, Claimant incurred damages in the amount of $48,945.13.

WHEREFORE, Claimant demands damages against the Petitioner in the amount of $48,945.13, plus pre-judgment interest, costs, and all further relief that this Court deems just and proper.


Dated:  July 5, 2018

Respectfully submitted,

 /s/ Craig P. Liszt
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Blvd.
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
***Attorneys for Claimant***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 5, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

　　　　　/s/ Craig P. Liszt　　　　　
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
***Attorneys for Claimant***

/1341323/40

## SERVICE LIST

**Seth E. Harris**
Florida Bar No. 76217
FERTIG & GRAMLING
200 S.E. 13 Street
Ft Lauderdale, FL  33316
Telephone: (954) 763-5020
Facsimile:  (954) 763-5412
*Attorneys for Petitioner*

**Craig P. Liszt**
Florida Bar No. 63414
**cliszt@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Claimant*